

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

September 22, 2021

VIA ECF and E-MAIL
Hon. John P. Cronan
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

      Re:    *Singh, et al. v. Mayorkas, et al.*, No. 21 Civ. 2852 (JPC)

Dear Judge Cronan:

      This Office represents the government in this action in which the plaintiffs seek an order compelling U.S. Citizenship and Immigration Services ("USCIS") to adjudicate their Applications to Register Permanent Residence or Adjust Status (Forms I-485). The government's response to the complaint is due September 23, 2021. *See* ECF No. 16. I write with the plaintiffs' consent to respectfully request that the Court stay this case because statutory authorization related to the EB-5 Immigrant Investor Regional Center Program, which is the basis for the plaintiffs' I-485 applications, has lapsed but may be renewed by Congress in the coming months.

      By way of background, in 1990, Congress amended the Immigration and Nationality Act ("INA") to provide for classification of "employment creation" immigrants who invest lawfully acquired capital in new commercial enterprises in the United States that create full-time employment for United States workers. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(a) (Nov. 29, 1990) (codified at 8 U.S.C. § 1153(b)(5)). This classification is also known as the EB-5 classification. *See generally* 8 C.F.R. § 204.6. An investor applies for EB-5 visa classification through filing a Form I-526 with USCIS. *See, e.g.*, *Lin Liu v. Smith*, No. 19 Civ. 10784 (JGK), 2021 WL 232890, at *1 (S.D.N.Y. Jan. 25, 2021).

      EB-5 investors have two options for structuring their investment to meet the criterion of job creation: direct or indirect job creation. The "Direct" EB-5 petition requires the creation of jobs through demonstrating the hiring of direct "new commercial enterprise" employees; that is, W-2 employees working at least 35 hours per week. This is a permanent part of the Immigration and Nationality Act. Under the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act, Congress created the "Immigrant Investor Pilot Program" in 1992 to stimulate investment in business opportunities in certain entities known as "Regional Centers." This later became known as the Regional Center Program and is subject to reauthorization by Congress. Investment in a designated Regional Center allows an immigrant investor to fulfill the requirement of job creation by way of presumed indirect hires based on the application of an economic formula. *See* 8 C.F.R. § 204.6(m)(7).

The plaintiff's Form I-526 petitions were based on investment under the Regional Center Program. An individual with an approved Form I-526 petition may file a Form I-485 to apply for permanent resident status. Since the filing of the plaintiffs' complaint, Congress has not extended the statutory authorization related to the Regional Center Program, which expired on June 30, 2021. *See* Section 610 of the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L. No. 102-395, 106 Stat. 1828 (1992), as amended; Div. O, Title I, Sec. 104 of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260 (2020).

In the past, the statutory authority related to the Regional Center Program has lapsed and later been renewed by Congress. As USCIS has done in similar instances, and in light of possible statutory reauthorization, in general, USCIS is currently holding Regional Center Forms I-526 filed on or before June 30, 2021, as well as Forms I-485 that are based on such Forms I-526. To allow additional time for Congress to take action on renewing the Regional Center Program's statutory authorization, the government requests that this case be stayed until thirty days after Congress enacts reauthorization legislation or until an application by either side to lift the stay is granted by the Court. No later than thirty days after such congressional action, the parties will confer and will file a joint status letter regarding proposed next steps in this litigation.

This is the first request to stay this action. The Court has granted two previous extension requests. *See* ECF Nos. 13-16.[1] The plaintiffs consent to this request. I apologize for making this request one day before the answer was due; however, the parties were able to reach agreement on the proposed stay only today.

I thank the Court for its consideration of this request.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:  *s/ Michael J. Byars*
MICHAEL J. BYARS
Assistant United States Attorney
Telephone: (212) 637-2793
Facsimile: (212) 637-2786
E-mail: michael.byars@usdoj.gov

This request is granted. All conferences and deadlines are adjourned *sine die*. The parties must file a joint status letter by November 24, 2021, advising the Court of the status of the Regional Center Program.

SO ORDERED.

Date: September 24, 2021
New York, New York

JOHN P. CRONAN
United States District Judge

cc:  Counsel of record (via ECF)

---

[1] The government reserves its defenses in this action, including that venue is improper for all but one of the plaintiffs, *see* ECF No. 15, but respectfully submits that, for the reasons stated above, a stay of the action is in the interests of efficiency and conservation of judicial and party resources.